IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| v.          § | CASE NUMBER 6:22-CR-138-MAC |
| § | |
| § | |
| § | |
| DILLON ALEX STEELE § | |

REPORT AND RECOMMENDATION ON
THE DEFENDANT'S COMPETENCY TO STAND TRIAL

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

On December 19, 2022, the Defendant filed a motion seeking a psychiatric or psychological exam to determine if the Defendant was suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and the court granted that motion on December 20, 2022.  (Doc. #16, #18.)  The Defendant was subsequently evaluated by Dr. Alicia Gilbert, Ph.D., Licensed Psychologist, at the Federal Correctional Institution in San Diego, California and found competent.

Dr. Gilbert's psychiatric report concludes that "[b]ased on all available information, records, it is the professional opinion of this writer that Mr. Steele's present ability to understand the nature and consequences of the court proceedings brought against him, as well as his ability to properly assist counsel in a defense are **not** substantially impaired by a mental disease or defect.

1

He does not appear to exhibit any evidence of a psychotic disorder or cognitive deficit." (Doc. #34.)

A competency hearing was conducted on August 1, 2023. At the hearing, the Defendant appeared in court with his counsel, David Barlow. Mr. Barlow did not present any objections to Dr. Gilbert's opinion on competency. Neither the Government nor the defense objected to the psychological report's results and findings.

The undersigned concludes that the Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. The Defendant has a rational and factual understanding of the proceeding against him, and has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding. 18 U.S.C. § 4241(d); *see also Dusky v. United States,* 362 U.S. 402 (1960)

### RECOMMENDATION

The court should find the Defendant competent to stand trial because he understands the nature and consequences of the proceeding against him and is able to assist in his defense. *See* 18 U.S.C. § 4241. It is further recommended that the speedy trial time be excluded from October 19, 2022 (the date the Defendant filed an Unopposed Motion for Psychiatric Exam), until the date on which the District Judge signs the order adopting this report and recommendation.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2);

E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 2nd day of August, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE